UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE,

                     Plaintiffs,

              - against -

FEDERAL BUREAU OF INVESTIGATION,

                     Defendant.
---------------------------------------------------------------X

**COMPLAINT**

15 Civ. 9133

Plaintiffs THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE, by their undersigned attorneys, allege for their Complaint:

1.     This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to order the production of agency records improperly withheld by Defendant in response to requests properly made by Plaintiffs.

**PARTIES**

2.     Plaintiff The New York Times Company is the publisher of The New York Times ("The Times") newspaper. The New York Times Company is headquartered in this judicial district at 620 Eighth Avenue, New York, N.Y.

3.     Plaintiff Charlie Savage is a reporter for The Times.

4.     Defendant Federal Bureau of Investigation ("FBI"), a component of the Department of Justice, is an agency of the federal government that has possession and control of the records that Plaintiffs seek.

1

59499

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

7. Plaintiffs have exhausted all administrative remedies in respect to the request at issue. The FBI failed to respond to Plaintiffs' FOIA request in the time allotted by FOIA and therefore Plaintiffs are deemed to have exhausted all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

**FACTS**

8. The FBI's use-of-force policy says agents may use deadly force only when necessary, in a situation where the agent has a reasonable belief that the subject of such force poses an imminent danger of death or serious physical injury to the agent or another person.

9. Whenever an FBI agent discharges his or her firearm outside of a shooting range, with narrow exceptions, an FBI Shooting Incident Review Team ("SIRT") investigates and produces a report. The report includes a narrative reconstruction of what happened, an assessment of whether the actions taken complied with the bureau's policy, and any recommendations.

10. An FBI Shooting Incident Review Group ("SIRG") then considers the SIRT materials, issues a judgment about whether the shooting complied with bureau policy, decides whether to impose any disciplinary measures or change procedures or training, and produces its own report about the incident.

59499

11. In recent years, Mr. Savage has submitted a series of FOIA requests seeking the narrative summary and recommendations/conclusions portions of reports from SIRTs and SIRGs. After filing a lawsuit to obtain the first set of such records (produced between 1993 and 2011), Mr. Savage has periodically filed new requests for reports created since the production, receiving responsive documents without litigation.

12. The documents Mr. Savage initially received showed that in more than 150 cases dating back to 1993 in which an FBI agent shot another person, the bureau deemed every incident a "good shoot" that complied with its use of force policy. Mr. Savage's reporting also shows that this internal review process is often the only official investigation into what happened because local police often defer to the FBI.

13. Earlier this year, however, Mr. Savage discovered that the FBI had failed to produce documents concerning one particular shooting even though the documents were responsive to one of his FOIA requests. The shooting had taken place on July 18, 2012, when an off-duty FBI agent in Queens, N.Y., fired his weapon out of the second-floor window of his house at an unarmed man he believed was breaking into his car, hitting the man in the back ("the Queens Incident").

14. Specifically, Mr. Savage submitted a FOIA request on Feb. 19, 2014 (the February 2014 Request") for all SIRT and SIRG reports completed since his previous request in December 2012. The Queens Incident SIRG report was completed on Feb. 18, 2014, one day before the date of the February 2014 Request. When the FBI eventually produced documents in response to in the February 2014 Request in November 2014, the Queens Incident materials were not among them. Because the Queens Incident SIRG report was completed within the date range outlined in the February 2014 Request, it was responsive and should have been produced.

59499

15. When Mr. Savage pointed out to the FBI that it had failed to provide a responsive document, the FBI acknowledged that the document existed but failed to immediately supplement its production. Instead, the FBI treated Mr. Savage's reminder as an entirely new FOIA request that must wait for processing at the back of the FOIA queue.

16. In June 2015, having still not received the document, Mr. Savage and counsel for the New York Times prepared a complaint and informed the Justice Department that a lawsuit was imminent.

17. The FBI then produced the 11-page document. It did not produce other documents responsive to the February 2014 Request, including all SIRT reports for the relevant time period. Notably, there was no report provided about a high-profile shooting incident in Orlando, Florida on May 22, 2013, in which an FBI agent killed a man named Ibragim Todashev during the investigation into the Boston Marathon bombing.

18. The Queens Incident report proved to be both newsworthy and embarrassing to the FBI. The document demonstrated that for the first time since at least 1993 FBI reviewers had concluded that an incident in which an agent shot someone failed to comply with the agency's use of force policy, known within the agency as a "bad shoot." Subsequent reporting showed that the FBI was taking the rare step of attempting to fire the agent for the incident.

19. Following disclosure of the Queens Incident Report, Mr. Savage sought additional information about the incident through a FOIA request. The FBI quickly produced several additional reports following directives from the Office of Public Affairs.

20. On August 18, 2015, Mr. Savage submitted another FOIA request (the "August 2015 Request") for SIRT and SIRG reports created since the February 2014 Request, as

well as any SIRT or SIRG reports dating back to December 2012 that the FBI had not previously made available.

21. The August 2015 Request sought, first, "a copy of the narrative summary and any findings or recommendations attached to each shooting incident review <u>team</u> (SIRT) report completed by the inspections division from December 2012 to the present."

22. The Request further stated, "Please note that this request should cover the SIRT report about the 5/22/2013 Todashev shooting incident in Orlando, which was not provided as a result of my previous request."

23. Second, the August 2015 Request sought, "a copy of the narrative summary, discussion, and decisions report for each shooting incident review <u>group</u> (SIRG) report produced since July 2012 to the present, except for those which were made available to me through my previous FOIA request."

24. Third, the August 2015 Request sought, "all SIRG report summaries completed since my last such request in February 2014 and the present."

25. Mr. Savage noted that "this request should cover the SIRG report about the 5/22/2013 Todashev shooting incident in Orlando, which was not provided as a result of my previous request."

26. The fourth part of the August 2015 Request sought the following: "Of this group of SIRT or SIRG reports completed since July 2012, for each shooting incident that resulted in *any person being struck* <u>OR</u> *for which at least one member of the SIRG voted to find that the shooting did not comply with the bureau's use-of-force policy*, please also provide: (a) A copy of any investigative report summarizing findings by local or state law enforcement authorities working with and/or submitted to the Inspections Division; (b) A copy of the Civil

59499

Rights Division report containing a synopsis of the facts, a decision about whether the applicable federal civil rights laws were violated or whether more investigation was necessary, and the reason for the decision made; and (c) A copy of any Office of Professional Review determinations and findings for any agent referred for discipline due to a shooting incident."

27. Mr. Savage also explained in the August 2015 Request, "If some reports regarding a shooting incident are completed but not others – for example, if the SIRT or the Civil Rights Division has completed its report, but the SIRG has not yet addressed it, or if the SIRG has completed its work and referred a matter for discipline but the OPR process is not yet complete -- I request access to those materials that are already completed at this time."

28. Mr. Savage also requested a fee waiver as "a member of the news media engaged in gathering information for the public."

29. On August 18, 2015, the FBI's FOIA office acknowledged receipt of the Request.

30. On October 19, 2015, the FBI denied Mr. Savage's request for a fee waiver on the purported basis that he failed to articulate any of the statutory requirements. .

31. Mr. Savage has regularly filed FOIA requests with the FBI – including periodic ones seeking the same types of reports as those sought by the August 2015 Request – and the FBI had never questioned his status as a journalist or the proposition that internal review reports about shootings of people by FBI agents represent information of public interest.

32. The FBI's Records Management Division has demonstrated a pattern of delay and failure to comply with its obligation to disclose legally responsive documents about agent shootings sought by Mr. Savage under the Freedom of Information Act.

59499

33. The FBI's denial of Mr. Savage's request for a fee waiver came shortly after The New York Times had filed two other lawsuits against the FBI challenging the withholding of documents.

**COUNT**

34. Plaintiffs repeat, reallege, and incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

35. The FBI is an agency subject to FOIA, 5 U.S.C. § 552(f), and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

36. Under 5 U.S.C. § 552(a)(6)(A), the FBI was required to provide documents or issue a denial within 20 business days of receiving the August 2015 Request.

37. Under 5 U.S.C. § 552(a)(6)(C), a person making a request for materials under FOIA "shall be deemed to have exhausted his administrative remedies with respect to such a request if the agency fails to comply with the applicable time limit provisions" of FOIA.

38. Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies as to the August 2015 Request.

39. The FBI has asserted no lawful basis under FOIA for withholding documents sought by the August 2015 Request.

40. The FBI's failure to provide the documents violates FOIA.

41. Plaintiffs are entitled to an order compelling the FBI to produce the documents.

59499

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

      a.      Declare that the documents sought by the August 2015 Request are public under 5 U.S.C. § 552 and must be disclosed;

      b.      Order the FBI to provide those records to Plaintiffs within 20 business days of the Court's order;

      c.      Award Plaintiffs the costs of this proceeding, including reasonable attorney's fees, as expressly permitted by FOIA; and

      d.      Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated:   New York, New York

       November 20, 2015

                                           _____/s/_____
                                           David E. McCraw, Esq.
                                           Jeremy A. Kutner, Esq.
                                           Legal Department
                                           The New York Times Company
                                           620 8th Charlie Avenue - 18th Floor
                                           New York, NY 10018
                                           phone: (212) 556-4031
                                           fax: (212) 556-1009
                                           e-mail: mccraw@nytimes.com
                                           *Counsel for Plaintiffs*

59499